United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

ANDRE BRYANT,
Defendant.

Case No. 21-cr-00258-SI-1

**FINAL PRETRIAL SCHEDULING ORDER**

Re: Dkt. Nos. 67-70, 73, 75-76, 109

On September 22, 2026, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning September 28, 2026. All parties were represented by counsel. The following matters were resolved:

**1.** **Trial Schedule:** The trial day runs from 9:00 a.m. until 4:00 p.m, with a 15 minute break at 10:30 a.m., a 45 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate.

**2.** **Number of jurors and challenges:** There will be a jury of 12 members, plus 2 alternate jurors. The government shall have 7 peremptory challenges and the defendant shall have 11 peremptory challenges.

**3.** **Voir dire:** Forty-eight prospective jurors have completed jury questionnaires and the questionnaires have been provided to counsel.[1] Counsel shall meet and confer to determine whether they agree that any potential juror(s) should be excused for cause, and shall notify the Court of the same no later than 5 p.m. on September 24, 2026. Beginning at 9:00 a.m. on September 28, 2026,

[1] Two prospective jurors submitted incomplete questionnaires and those individuals will complete the questionnaires on September 28.

the Court will conduct general voir dire. Counsel for each side shall have up to 30 minutes total to question the panel.

**4.** **Trial exhibits:** No later than Friday, September 25, 2026, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit and with an index of the documents. The Court shall be provided with two sets and one additional set for opposing counsel.

**5.** **Defendant's Motions to Dismiss and Motion for Adverse Inference Jury Instruction**

Defendant filed three motions to dismiss and a motion for an adverse inference jury instruction.

**A. Motion to Dismiss Count One (Dkt. No. 73)**

Defendant moves to dismiss count one (possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i)) on the ground that the government's administrative destruction of the heroin violates his Due Process rights.

The Due Process Clause of the Fourteenth Amendment requires that criminal prosecutions "comport with prevailing notions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The fundamental fairness standard guarantees that defendants "be afforded a meaningful opportunity to present a complete defense[,]" including a constitutionally protected right to access evidence "that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *Id.* The prosecution must "turn over exculpatory evidence that would raise a reasonable doubt about the defendant's guilt." *Id.*

When the State fails to preserve exculpatory evidence, the "good or bad faith of the State is irrelevant." *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). However, whether the government acted in bad faith is relevant when the State fails to preserve "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Id.* Consequently, "unless a criminal defendant can show bad faith on the part of

the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. Whether the *Youngblood* bad faith requirement applies depends "on the distinction between 'materially exculpatory' evidence and 'potentially useful' evidence." *Illinois v. Fisher*, 540 U.S. 544, 549 (2004).

The Court finds that the destroyed heroin is not materially exculpatory evidence and is instead potentially useful evidence. The heroin seized from Bryant was tested and confirmed to be heroin. *See* Dkt. No. 98-2 at US-000110. On the day of Bryant's arrest, the American Canyon Police Department reported the gross weight of the heroin to be approximately 460 grams. *Id.* at AB-000040, AB-000047. The Drug Enforcement Administration ("DEA") weighed the heroin again on December 10, 2021, and found it to have a net weight of 458.7 grams and a gross weight of 559.2 grams. *Id.* at US-000091, US-000110.[2] Bryant is charged with possession with intent to distribute 100 grams or more of heroin. As in *Illinois v. Fisher*, 540 U.S. 544, 548 (2004), the Chemical Analysis Report confirming and weighing the heroin is inculpatory, not exculpatory, and another test of the drugs, or calibration of the scales, could have at best yielded only "potentially useful evidence." As such, Bryant must show that the government acted in bad faith in order to demonstrate a due process violation. *Youngblood*, 488 U.S. at 58; *Fisher*, 540 U.S. at 549.

The Court finds that there is no evidence of bad faith. The record before the Court shows that the government may not have followed proper procedures with regard to the destruction of the heroin. However, Bryant has not articulated how that arguably negligent conduct rises to the level of bad faith. *Cf. United States v. Zaragoza-Moreira*, 780 F.3d 974, 979 (9th Cir. 2015) (finding bad faith where a border agent was aware of specific facts suggesting that video footage was potentially exculpatory, but agent made no effort to view or preserve the video before it was destroyed).

Accordingly, defendant's motion to dismiss Count One is DENIED. The Court will DEFER ruling on defendant's motion for an adverse inference jury instruction until the jury instruction conference. Dkt. No. 97.

---

[2] At the pretrial conference, counsel for the government confirmed that the DEA analysts who tested the drugs will testify at trial.

### B. Motions to Dismiss Count Two (Dkt. Nos. 75 & 76)

Defendant filed two motions to dismiss count two (felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1)).[3] Bryant's first motion contends that 18 U.S.C. § 922(g)(1) is facially unconstitutional because it violates the Second Amendment, citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Bryant's second motion argues that § 922(g)(1) violates the Commerce Clause. Both motions argue that controlling Ninth Circuit authority was wrongly decided.

The Court DENIES both motions as foreclosed by binding Ninth Circuit precedent. *See United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc) (holding that § 922(g)(1) is not unconstitutional as applied to non-violent felons); *United States v. Yates*, 182 F.4th 1157, 1162 n.3 (9th Cir. 2026) ("[defendant's] constitutional challenges to § 922(g)(1) based on the Second Amendment and Commerce Clause are foreclosed by precedent.") (citing cases).

## 7. <u>Motions in Limine</u>

Defendant filed four motions in limine and the government filed ten motions in limine.

### A. Defendants' Motions

#### 1. Excluding "Late-Noticed" Expert Witnesses (Dkt. No. 67)

Defendant requests that the Court preclude any "late-noticed" expert witnesses from testifying at trial because as of September 8, 2026, the government had not noticed any expert testimony pursuant to Federal Rule of Civil Procedure 16 (a)(1)(G).

The government's opposition states that as of September 15, the government had provided the required disclosures for ATF Special Agent Korbin Brock and DEA experts Shana Irby and Carlos Alfaro. In addition, the government provided a supplemental disclosure for Special Agent Alfaro on September 21, 2026. The government correctly notes that the Court did not set a

[3] The government has obtained a superseding indictment that charges two additional counts and renumbers the existing counts. The superseding indictment has not yet been filed on the docket, and thus this order refers to count two as charged in the original indictment. At the pretrial conference, defense counsel stated that they will be filing a motion to dismiss the superseding indictment after it is filed.

disclosure deadline, and that the Local Rules do not provide one. The Court finds that the government's disclosure two weeks before trial is sufficient, particularly given the context of this case in which the September 28 trial date was set on August 22 after Bryant invoked his rights under the Speedy Trial Act.

The Court DENIES this motion to the extent Bryant argues that the disclosures are late. Defendant has not made any showing of prejudice on experts Brock or Irby. With regard to Special Agent Alfaro, the Court is holding a *Daubert* hearing on September 25, 2026.

**2. Excluding Rule 404(b) Evidence (Dkt. No. 69)**

The government notified the defense that it seeks to introduce evidence of Bryant's 2012 conviction for possession for sale of cocaine base; Bryant's 2015 conviction for possession for sale-controlled substance; and a September 2020 arrest for allegedly possessing a firearm. The government asserts that the convictions and arrest are evidence of intent, knowledge and absence of mistake.

Federal Rule of Evidence 404(b)(1) provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) states that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). The government carries the burden to show that the evidence meets four requirements to admit evidence under Fed. R. Evid. Rule 404(b)(2):

> (1) it must tend to prove a material issue; (2) the prior acts must not be too remote in time; (3) there must be sufficient evidence for a reasonable jury to conclude that the defendant committed the prior acts; and (4) when used to show knowledge and intent, the prior acts must be sufficiently similar to the charged offense.

*United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024). "But even then, '[t]he use of such evidence must be narrowly circumscribed and limited.'" *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021) (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)). Further, "if the evidence is admissible for a non-propensity purpose, the court determines whether

the evidence nonetheless should be excluded under Rule 403 as unduly prejudicial." *Jimenez-Chaidez*, 96 F.4th at 1264.

The Court concludes that the government has not met its burden to show that the convictions or arrest are admissible under Rule 404(b)(2). The government has not submitted (or obtained) any evidence regarding the facts underlying the convictions, nor has the government "articulate[d] precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)); *cf. United States v. Vo*, 413 F.3d 1010, 1018-19 (9th Cir. 2005) (district court did not abuse its discretion by admitting conviction on two counts of selling cocaine in a prosecution for possession with intent to distribute methamphetamine where defendant's theory at trial was that his wife and co-defendant was the drug dealer and he was simply an "innocent pawn"). With regard to the September 2020 arrest, even if the government has met its burden to show admissibility, the Court finds that this evidence should be excluded as unduly prejudicial under Rule 403. Accordingly, defendant's motion is GRANTED.

**3. Excluding Evidence of Prior Convictions under Rule 609 (Dkt. No. 70)**

The government also notified the defense that if Bryant testifies, the government intends to impeach him with evidence of (1) Bryant's 2001 misdemeanor conviction for false ID to a peace officer, and (2) Bryant's 2002 felony conviction for false personation (also mentioned above for 404(b)). Bryant moves to exclude this evidence because the convictions are more than ten years old and because the government's letter proffers no specific facts and circumstances to prove that the probative value of the convictions substantially outweighs its prejudicial effect.

The government filed a notice of non-opposition but "reserves the right to raise the issue (outside the presence of the jury) if the government believes the defendant has opened the door." Dkt. No. 92 at 1. Accordingly, defendant's motion is DENIED as moot, without prejudice to renewal in the event the government seeks to introduce this evidence for impeachment.

**4. Motion to Exclude DEA Special Agent Alfaro/Request for *Daubert* Hearing (Dkt. No. 109)**

The Court DEFERS ruling on this motion, and has scheduled a *Daubert* hearing for September 25, 2026 at 1:00 p.m.

**B. Government's Motions (Dkt. No. 68)**

**1. Preclude Reference to Punishment or Collateral Consequences**

The government moves to preclude any reference to the collateral consequences of a conviction or defendant's potential sentence during all phases of trial as irrelevant and unfairly prejudicial.

This motion is GRANTED as framed. Bryant objects that there may be circumstances where the defense may want to introduce, for impeachment purposes, the punishment that a cooperating witness is facing for their conviction on a charge, and that charge may be the same as a charge facing Bryant. Bryant is not precluded from introducing such evidence.

**2. Preclude Relitigation of Motion to Suppress**

The government moves to preclude defendant from relitigating the motion to suppress, and relatedly to exclude any testimony from any defense witness concerning the fact that the arrest warrant upon which the defendant was arrested on June 7, 2020, was ultimately determined to be for someone else. Defendant states he does not intend to "relitigate" the motion or refer to the Court's order, but that the facts underlying the motion to suppress are relevant.

The Court finds that this motion is overbroad, and it is DENIED without prejudice to specific objections at time of trial.

**3. Preclude Evidence of, or Reference to, Collateral State Case**

The government moves to preclude the defense from presenting evidence of or referring to the collateral state case, including the dismissal of that case, as unfairly prejudicial and confusing to the jury.

Bryant states that he does not intend to introduce any evidence that the state case was

dismissed due to Speedy Trial issues. However, Bryant asserts that the state prosecution could be relevant, such as the use of the preliminary hearing transcript to potentially impeach witnesses who testify in both matters, and that if defense counsel does so, they will do so in a way that does not mention the "state" case.

The Court DENIES this motion without prejudice to specific objections at time of trial.

### 4. Impeachment by Prior Convictions

The government withdrew this motion.

### 5. Exclude Testimony Regarding the Destruction of the Controlled Substances

The government moves to "preclude the defense from referencing, suggesting, or otherwise eliciting at trial any argument, testimony, or inference regarding the destruction of the controlled substances." Dkt. No. 68 at 5. In the alternative, the government seeks to introduce testimony and evidence related to Bryant's fugitive status to provide the jury with context to understand the destruction of the controlled substances. Defendant opposes the motion, arguing that absence of evidence is a proper argument for him to make at trial. Defendant also argues that evidence of his abscondment is irrelevant and unduly prejudicial.

The Court DENIES the motion to the extent the government seeks to preclude any reference to the fact that the heroin (and cocaine)[4] were administratively destroyed. However, the Court is mindful of Rule 403 concerns, and the denial is without prejudice to specific objections at time of trial. Further, as discussed at the pretrial conference, it is the Court's view that defendant's abscondment is relevant as providing context to the administrative destruction of the drugs. At the hearing, counsel stated that they will meet and confer to explore whether they can reach a stipulation on these issues, and the Court encourages the parties to do so.

---

[4] The superseding indictment includes a new count charging Bryant with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (c).

**6. Preclude Defendant from Eliciting Jury Sympathy or Nullification**

The government moves to "bar the defense from referring to Bryant's personal circumstances or topics designed to elicit juror's sympathy" during any statements, colloquies, or questioning that occur in the jury's presence. Dkt. No. 68 at 7-8. Specifically, the government contends that defense counsel should be precluded from arguing that the jury should not convict because the defendant has had a difficult life; that a conviction will have serious consequences for his family; that this case is a waste of time or resources; or that the defendant is a "good person" who has "suffered enough." *Id.*

Bryant contends that a blanket exclusion of all evidence of his personal circumstances is improper because such evidence may be relevant to his actions and motivations. Bryant also argues that "topics designed to elicit juror sympathy" is vague and overbroad, and that it is the duty of defense counsel to present the defendant in a sympathetic light. The Court agrees and DENIES the motion without prejudice to objections to specific evidence at trial.

**7. Sequester all Witnesses Except Designated Party Representative**

The government designates Special Agent Michael Levy as its party representative and requests that he be permitted to sit with government counsel throughout the trial and that all other witnesses be excluded from the courtroom under Federal Rule of Evidence 615(a).

Bryant does not oppose this motion, provided that the Court permits the defense's case agent/investigator Michael Portman be allowed to remain in the courtroom for the pendency of the testimony. The Court GRANTS both the government's request and the defense request.

**8. Allow Bryant's Out-of-Court Statements if Offered by the Government, Preclude Bryant's Out-of-Court Statements if Offered by Defense**

The government seeks to introduce Bryant's out-of-court statements made to law enforcement on June 7, 2020 without limitation as admissions by a party-opponent under Federal Rule of Evidence 801(d)(2)(A). The government seeks to preclude defendant's use of his own prior statements unless they are either not hearsay or fall into an established hearsay exception.

Bryant opposes the motion, noting that the government's motion omits mention of Federal Rule of Evidence 106 and the 2023 amendments thereto. As amended in 2023, Rule 106 states in full: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." By the plain language of the rule, it sometimes allows a party to overcome a hearsay issue. Bryant may only offer his own out-of-court statements if the Court finds that admitting such statements would be necessary to fairly place other statements offered by the government in context.[5] The motion is DENIED.

**9. Require Defense to Make an Offer of Proof Regarding any Alleged Prior Misconduct by Law Enforcement Officers Outside the Presence of the Jury**

The government requests that the defense be required to make an offer of proof and relevance regarding any alleged prior misconduct by officers outside of the presence of the jury before inquiring about such alleged misconduct in front of the jury. Bryant states that to the extent the government requests pretrial vetting by the Court of instances of "officer [or agent, or employee] misconduct unrelated to credibility that is based upon unsubstantiated allegations", he agrees to make a proffer to the Court prior to using any such material, but that defense counsel should not be precluded from cross-examining government witnesses as to their credibility and the propriety of procedures used in this case. Dkt. No. 103 at 12.

The Court GRANTS the motion to the extent it seeks to require defendant to make an offer of proof and relevance outside the presence of the jury before inquiring about any alleged misconduct by law enforcement officers.

**10. Exclude Evidence or Reference to Undisclosed Affirmative Defenses**

The government argues that the Court should require defendant to provide some specific

[5] Bryant states he is willing to give advance notice of which prior statements he will seek to admit under Rule 106 if the government will first identify those prior statements that they intend to introduce as statements of a party opponent under Federal Rule of Evidence 801(d)(2), or otherwise.

evidentiary basis for any affirmative defense he intends to assert and exclude evidence relevant to affirmative defenses that are not disclosed.

Bryant states that he has not moved to admit any evidence, or requested any jury instruction, related to an affirmative defense, and that should do so he will be prepared to provide an *ex parte*, *in camera*, *prima facie* showing. Bryant argues that until such time, the Court should deny the government's limine motion, as other courts in this district have done. *See, e.g., United States v. Kopankov*, Case No. 19-cr-000178-JSC, 2023 WL 3182949, at *7 (N.D. Cal. May 1, 2023) ("The government argues the Court should require the defense provide a specific evidentiary basis for any defense he intends to assert. This motion is DENIED without prejudice. The Court declines to adopt such a blanket rule at this stage.").

The Court DENIES the motion without prejudice to renewal in the event Bryant seeks to introduce evidence related to an affirmative defense.

**IT IS SO ORDERED**.

Dated: September 23, 2026

SUSAN ILLSTON
United States District Judge