UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANDRE BRYANT,<br>Defendant. | Case No. 21-cr-00258-SI-1<br><br>**JURY INSTRUCTIONS** |

United States District Court
Northern District of California

**Jury Instruction No. 1**

**Duties of Juries to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Jury Instruction No. 2**

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The government has charged the defendant, Andre Bryant, in a superseding indictment with:

Count One: Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin;

Count Two: Possession with Intent to Distribute Methamphetamine;

Count Three: Possession with Intent to Distribute Cocaine;

Count Four: Possession of a Firearm or Ammunition by a Prohibited Person; and,

Count Five: Using or Carrying a Firearm During and In Relation to a Drug Trafficking Crime.

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**Jury Instruction No. 3**

**Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Jury Instruction No. 4**

**Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant, Andre Bryant, is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find Mr. Bryant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find Mr.

Bryant guilty.

**Jury Instruction No. 5**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and,

Third, any facts to which the parties agreed.

**Jury Instruction No. 6**

**What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.
2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.
3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**Jury Instruction No. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Jury Instruction No. 8**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People

United States District Court
Northern District of California

often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Jury Instruction No. 9**

**Stipulations of Fact**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

**Jury Instruction No. 10**

**Judicial Notice**

I have decided to accept as proved certain facts, even though no evidence was presented on them. You may accept these facts as true, but you are not required to do so.

**Jury Instruction No. 11**

**Activities Not Charged**

You are here only to determine whether the defendant, Andre Bryant, is guilty or not guilty of the charges. The defendant is not on trial for any conduct or offense not charged in the indictment.

**Jury Instruction No. 12**

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has provided its case against the defendant beyond a reasonable doubt.

**Jury Instruction No. 13**

**Separate Consideration of Multiple Counts**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Jury Instruction No. 14**

**On or About—Defined**

The superseding indictment charges that the offenses alleged in was committed "on or about" a certain date, that being July 7, 2020.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Jury Instruction No. 15**

**Possession—Defined**

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

**Jury Instruction No. 16**

**Knowingly**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Jury Instruction No. 17**

**Count One: Possession with Intent to Distribute Heroin (21 U.S.C. § 841(a)(1))**

The defendant is charged in Count One of the superseding indictment with possession with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code. For the defendant to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed heroin; and

Second, the defendant possessed it with the intent to distribute it to another person.

To be guilty of this offense, the government is not required to prove the amount or quantity of heroin. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of heroin.



United States District Court
Northern District of California

United States District Court
Northern District of California

It does not matter whether the defendant knew that the substance was heroin. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of heroin to another person, with or without any financial interest in the transaction.

**Jury Instruction No. 18**

**Determining Amount of Heroin**

If you find the defendant guilty of Count One: Possession with Intent to Distribute Heroin, you are then to determine whether the government proved beyond a reasonable doubt that the amount of heroin that defendant intended to distribute equaled or exceeded 100 grams. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of heroin.

**Jury Instruction No. 19**

**Lesser Included Offense—Controlled Substance—Possession of Heroin (21 U.S.C. § 844(a))**

The crime of possession with intent to distribute heroin in violation of Section 841(a)(1) of Title 21 of the United States Code charged in Count One includes the lesser crime of possession of heroin in violation of Section 844(a) of Title 21 of the United States Code.

If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute heroin charged in Count One; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of possession of heroin, you may find the defendant guilty of possession of heroin.

In order for the defendant to be found guilty of the lesser crime of possession of heroin, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant possessed heroin; and

Second, the defendant did so knowingly.

It does not matter whether the defendant knew that the substance was heroin. It is sufficient that the defendant knew that it was some kind of prohibited drug.

**Jury Instruction No. 20**

**Count Two: Possession with Intent to Distribute Methamphetamine (21 U.S.C. § 841(a)(1))**

The defendant is charged in Count Two of the superseding indictment with possession with intent to distribute methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Section 841(a)(1) of Title 21 of the United States Code. For the defendant to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

**Jury Instruction No. 21**

**Determining Amount of Methamphetamine**

If you find the defendant guilty of Count Two: Possession with Intent to Distribute Methamphetamine, you are then to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine that defendant intended to distribute

United States District Court
Northern District of California

equaled or exceeded 5 grams. Your determination of weight must not include the weight of any packaging material or any weight of any substance mixed with the methamphetamine. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of methamphetamine.

**Jury Instruction No. 22**

**Lesser Included Offense—Controlled Substance—Possession of Methamphetamine**

**(21 U.S.C. § 844(a))**

The crime of possession with intent to distribute methamphetamine in violation of Section 841(a)(1) of Title 21 of the United States Code charged in Count One includes the lesser crime of possession of methamphetamine in violation of Section 844(a) of Title 21 of the United States Code.

If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute methamphetamine charged in Count One; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of possession of methamphetamine, you may find the defendant guilty of possession of methamphetamine.

In order for the defendant to be found guilty of the lesser crime of possession of methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant possessed methamphetamine; and

Second, the defendant did so knowingly.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of prohibited drug.

**Jury Instruction No. 23**

**Count Three: Possession with Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1))**

The defendant is charged in Count Three of the superseding indictment with possession with intent to distribute cocaine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Section 841(a)(1) of Title 21 of the United States Code. For the defendant to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine to another person, with or without any financial interest in the transaction.

**Jury Instruction No. 24**

**Lesser Included Offense—Controlled Substance—Possession of Cocaine (21 U.S.C. § 844(a))**

The crime of possession with intent to distribute cocaine in violation of Section 841(a)(1) of Title 21 of the United States Code charged in Count One includes the lesser crime of possession of cocaine in violation of Section 844(a) of Title 21 of the United States Code.

If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession with intent to distribute cocaine charged in Count One; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of possession of cocaine, you may find the defendant guilty of possession of cocaine.

In order for the defendant to be found guilty of the lesser crime of possession of cocaine,

the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant possessed cocaine; and

Second, the defendant did so knowingly.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of prohibited drug.

**Jury Instruction No. 25**

**Count Four: Unlawful Possession of a Firearm or Ammunition (18 U.S.C. § 922(g))**

The defendant is charged in Count Four of the superseding indictment with the possession of a firearm or ammunition in violation of Section 922(g) of Title 18 of the United States Code. For the defendant to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a .40 caliber Heritage Stealth C4000 semiautomatic Pistol or ammunition, namely, two rounds of Hornady ammunition, six rounds of Winchester ammunition, or one round of Federal ammunition;

Second, the firearm or ammunition had been transported from one state to another;

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and,

Fourth, at the time the defendant possessed the firearm or ammunition, the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

United States District Court
Northern District of California

**Jury Instruction No. 26**

**Count Five: Using or Carrying a Firearm in Commission of a Drug Trafficking Crime**

**(18 U.S.C. § 924(c))**

The defendant is charged in Count Five of the superseding indictment with using or carrying a firearm during and in relation to the drug trafficking crimes charged in Count One, Count Two, and Count Three in violation of Section 924(c) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with intent to distribute a controlled substance as charged in Count One (heroin), Count Two (methamphetamine), or Count Three (cocaine) of the superseding indictment, which I instruct you are drug trafficking crimes; and

Second, the defendant knowingly used or carried the .40 caliber Heritage Stealth C4000 semiautomatic Pistol during and in relation to that particular crime.

A defendant "used" a firearm if he actively employed the firearm during and in relation to a particular drug trafficking crime.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant used or carried a firearm "during and in relation to" the crime if the firearm facilitated or played a role in that particular crime.

If you find the defendant guilty of the lesser included offense of knowing and intentional possession of heroin (Count One), the lesser included offense of knowing and intentional possession of methamphetamine (Count Two), or the lesser included offense of knowing and intentional possession of cocaine (Count Three), I instruct you that these lesser included offenses are not "drug-trafficking crimes" for purposes of Count Five, and you cannot convict Mr. Bryant of Count Five based only on a conviction for a lesser included offense.

**Jury Instruction No. 27**

**Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Jury Instruction No. 28**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Jury Instruction No. 29**

**Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of

your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Jury Instruction No. 30**

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other

United States District Court
Northern District of California

means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Jury Instruction No. 31**

**Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.